Lee Sullivan DOWNS, Appellant,

v.

The STATE of Texas, State.

No. 2–96–116–CR.

Court of Appeals of Texas,
Fort Worth.

June 12, 1997.

Rehearing Overruled July 24, 1997.

Joshua M. Webber, Dallas, for Appellant.

Tim Curry, Criminal District Attorney, Charles M. Mallin, Assistant, Chief of the Appellate Section, Michael R. Casillas, Mick Meyer, Mollie Westfall, Assistants, Fort Worth, for Appellee.

Before DAVID F. FARRIS (Sitting by Assignment), LIVINGSTON and HOLMAN, JJ.

## OPINION

PER CURIAM.

Lee Sullivan Downs appeals his driving while intoxicated conviction, contending the evidence was factually insufficient to prove he was intoxicated. *See Clewis v. State*, 922 S.W.2d 126, 129–30 (Tex.Crim.App.1996). To sustain his contention, we must first consider all of the evidence and reverse the judgment only if the verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See id.* at 129. After considering all of the evidence, we overrule Downs's point of error and affirm the judgment.

An assertion that evidence is factually insufficient means the evidence supporting a fact-finding is so weak or the evidence to the contrary so overwhelming the finding must be set aside and a new trial ordered. *See Hernandez v. State*, 939 S.W.2d 692, 694 (Tex.App.—Fort Worth 1997, pet. ref'd). An opinion reversing a conviction on factual sufficiency grounds must detail the evidence relevant to the issue and clearly state why the finding is factually insufficient or is so against the great weight and preponderance as to be manifestly unjust, shock the conscience, or clearly demonstrate bias. *See id.*

The State proved its case with the testimonies of the officer who arrested Downs and the officer who assisted in video-taping Downs after his arrest. Each officer described his training and experience in investigating DWI cases. Each had more than twenty years' experience as peace officers.

Both opined Downs was intoxicated by consuming alcohol.

The arresting officer first noticed Downs driving at seventy miles per hour, two car lengths behind the car he was following. The officer attempted to stop Downs by turning on his emergency lights, but Downs did nothing more than slightly slow his speed until the officer turned on his siren. Even after pulling off the side of the road, Downs drove another seventy-five feet before stopping. The officer testified Downs had a mug of beer in the car, had a strong odor of alcohol on his breath, swayed as he walked to the rear of his car, had trouble maintaining his balance, had slurred speech, mumbled as he spoke, and appeared unable to focus upon the officer. The officer administered both a horizontal gaze nystagmus test (HGN) and a one-leg-stand test. Downs exhibited all six indications of intoxication in attempting the HGN test and was unable to complete the one-leg-stand test.

The second officer testified he first saw Downs thirty minutes after his arrest. He described Downs as hostile, uncooperative, with slurred speech, reeking of alcohol, and exhibiting mood swings.

Downs asserts the evidence he was intoxicated was factually insufficient because of contradictions in the testimony of the officers. He declares the arresting officer recanted much of his testimony. In fact, the officer did not recant his testimony but conceded, on cross-examination, that some of the factors indicating Downs was intoxicated could also be consistent with his possessing normal use of his faculties. Downs also points to sobriety tests the officer did not administer, criticizes the HGN test, and argues the videotape taken of him and offered into evidence by the State contradicts the second officer's testimony. In sum, Downs disparages some evidence of his intoxication, insists other evidence is contradicted, and argues we should adopt his characterizations of both.

Downs's argument fails because he explicates no lucid reason why the jury's finding must be set aside, but instead, urges us to do what we may not—reweigh the evidence and substitute our finding for the jury's. *See*

*Clewis,* 922 S.W.2d at 135. After reviewing Downs's arguments and considering all the evidence, we conclude the jury's verdict neither appears manifestly unjust, shocks the conscience, nor demonstrates bias. Accordingly, we overrule Downs's point of error and affirm the judgment.